**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TOMMY HO,<br>10 W Bay State Street, #454<br>Alhambra, CA 91802<br>(626) 233-2868,<br><br>    *Plaintiff,*<br><br>    v.<br><br>MERRICK B. GARLAND,<br>in his official capacity as<br>ATTORNEY GENERAL OF THE<br>UNITED STATES,<br>U.S. Department of Justice,<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530,<br><br>    *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil |

Case: 1:21-cv-01035  JURY DEMAND
Assigned To : Cooper, Christopher R.
Assign. Date : 4/12/2021
Description: Employ. Discrim. (H-DECK)

Jury Trial Demand

**COMPLAINT FOR**
**RETALIATION FOR ENGAGING IN PROTECTIVE ACITIVITIES PROTECTED BY**
**TITLE VII**

**Nature of Claim**

1.     Plaintiff, Tommy Ho proceeding Pro Se, brings this civil action against Merrick B. Garland, in his official capacity as Attorney General of the United States, U.S. Department of Justice ("DOJ"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, for retaliation suffered when Defendant failed to select Plaintiff for promotion to a GS-14 position as a Criminal Investigator Program Manager at the Bureau of Alcohol, Tobacco, Firearms and Explosives, Office of Strategic Intelligence and Information, Internet Investigation Center.

2.     In this action, Plaintiff seeks retro-active promotion, compensatory damages for the injuries he has suffered; and reasonable attorneys' fees and costs.

1

## Jurisdiction and Venue

3.      This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. § 2000e-5(f)(3).

4.      The Court may assert jurisdiction over Defendant because, at all times relevant to this Complaint, Plaintiff worked for Defendant in the District of Columbia ("D.C." or "District") at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"): 99 New York Avenue, NE, Washington, D.C. 20226.

5.      Venue lies in this Court because Plaintiff was employed by Defendant in the District of Columbia, all of the discriminatory actions and decisions took place in the District of Columbia, and the records concerning Plaintiff's employment are maintained in the District of Columbia.

## Description of the Parties

6.      Plaintiff is a citizen of the United States and a resident of the state of California. Plaintiff began his employment with Defendant in April 1999 and is currently employed by Defendant as a GS-1811-13 Criminal Investigator.

7.      Defendant Merrick B. Garland, serving as Attorney General of the United States and the head of DOJ, has his office in the District of Columbia. He is sued only in his official capacity. DOJ is an Executive department, 5 U.S.C. § 101, and an "agency" within the meaning of 5 U.S.C. § 701. ATF is a subordinate component of the DOJ pursuant to 28 C.F.R. § 0.1. At all times relevant to this action, Defendant employed more than 15 employees and is subject to Title VII. 42 U.S.C. § 2000e(b).

## Exhaustion of Administrative Remedies

8.      Plaintiff filed an informal complaint to the Defendant on October 7, 2019, and

timely filed a formal complaint on the matters raised in this Complaint on January 10, 2020.

9. On March 2, 2020, the Defendant dismissed the Plaintiff's complaint, without any investigation, for failure to state a claim based on Defendant's conclusion that Plaintiff had suffered no personal harm and was not aggrieved.

10. On April 6, 2020, Plaintiff appealed the Defendant's dismissal decision to the U.S. Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations ("OFO"). On August 17, 2020, OFO issued a decision on Plaintiff's appeal.

11. On September 15, 2020, Plaintiff filed a request for reconsideration to the OFO. On January 14, 2021, OFO issued a decision on Plaintiff's request for reconsideration.

12. Plaintiff has timely filed this suit within 90 days of his receipt of the OFO's Decision.

## Statement of Facts

### Bases for Retaliation:

13. Plaintiff, an Asian-American male, is currently employed as a GS-1811 job series grade 13 (GS-1811-13), Criminal Investigator, in the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). From May 2015 to October 2019, Plaintiff was assigned as a GS-13 Criminal Investigator Project Officer at the Office of Strategic Intelligence and Information ("OSII"), Joint Support and Operation Center, in Washington D.C.

14. In 2015, 2017, 2018, Plaintiff filed EEO related complaints against ATF and management personnel at OSII.

15. Plaintiff filed an EEO complaint in 2015 against ATF for race discrimination, when he was involuntarily transferred to OSII in 2015. At about the same time period, Plaintiff asked OSII management personnel to assist him in obtaining a reassignment out of OSII.

Plaintiff's request to OSII did not have any connection to his EEO complaint. OSII management personnel supported and assisted Plaintiff with obtaining a reassignment and ATF subsequently granted Plaintiff a reassignment to the Las Vegas Field Office. However, Plaintiff was later contacted by the EEO counselor, who informed him that ATF and its counsel's office will not give him the reassignment until he signs an EEO settlement agreement. Plaintiff firmly believed his request to OSII did not have any connection to his EEO complaint. Further, Plaintiff had never discussed with OSII management personnel about EEO settlement, and Plaintiff had never at any time asked ATF to give him a reassignment in exchange for signing a settlement agreement. Therefore, Plaintiff declined to sign a settlement agreement. As the consequence, ATF did not give Plaintiff a reassignment to the Las Vegas Field Office. Plaintiff subsequently also pursued retaliation complaint against ATF and the Defendant on the matter.

16.    In 2017 and 2018, Plaintiff applied to three separate GS-14 competitive/promotional announcements within OSII. In one announcement, a lateral GS-14 applicant was selected and GS-13 applicants were not considered. In the two other announcements, Plaintiff was rated as among the best qualified applicants, and he interviewed for both announcements and was not selected. Plaintiff believed he was retaliated against by OSII management personnel, and he subsequently pursued retaliation complaints against ATF on the matter.

17.    In 2018, Plaintiff filed a retaliation complaint with the Office of Special Counsel against ATF and management personnel at the OSII. Additionally in 2019, Plaintiff filed a retaliation complaint with the Merit System Protection Board against ATF and management personnel at the OSII.

18.    Among the Responsible Management Officials ("RMO") identified in the above

complaints and relevant to this complaint include:

1) OSII Assistant Director James McDermond, who has answered interrogatory questions and was deposed in Plaintiff's prior retaliation complaint.

2) OSII Operation Intelligence Division Chief Kevin O'Keefe, who has answered interrogatory questions and was deposed in Plaintiff's prior retaliation complaint.

3) OSII Field Intelligence Support Branch Chief Edward Kropke, who has answered interrogatory questions in Plaintiff's prior retaliation complaint.

**Retaliation in this Complaint:**

19.    In June 2019, Plaintiff applied to a competitive/promotional announcement for a promotion as a GS-14 Criminal Investigator Program Manager, Vacancy Number 19-EPAS-083-ADB, at the Office of Strategic Intelligence and Information, Internet Investigation Center ("IIC").  On August 8, 2019, Plaintiff was notified by ATF Human Resources Operations Division that he was among the best qualified for the position and had been referred to the selecting official for consideration.

20.    On August 28, 2019, Plaintiff interviewed for the IIC Program Manager position. The Merit Promotion Board ("MPB") panel responsible for conducting interviews for this position was composed of four individuals:  OSII Operational Intelligence (GS-1811) Division Chief Kevin O'Keefe ("O'Keefe"); OSII Field Intelligence Support (GS-1811) Branch Chief Edward Kropke ("Kropke"); OSII Intelligence and Information Systems (Non-GS-1811) Division Chief Marian Burrows; and Office of the Director, Office of Strategic Management (Non-GS-1811) Deputy Chief Chad Yoder.

21.    At the time of Plaintiff's interview for the position, Plaintiff's fourth-line-

supervisor was OSII Assistant Director (AD) James McDermond ("McDermond"), who he had named as a RMO in previous retaliation complaints. Plaintiff's second-line supervisor was OSII Division Chief O'Keefe, who he had named as a RMO in previous retaliation complaints. Plaintiff does not have direct organizational relationship with OSII Branch Chief Kropke, but he was named as a RMO by the Plaintiff in previous retaliation complaint. Plaintiff does not have direct organizational relationship or any other relationship with OSII Intelligence and Information Systems Division Chief Marian Burrows; and Office of the Director, Office of Strategic Management Deputy Chief Chad Yoder.

22.    On August 29, 2019, Plaintiff was notified by human resources that while he was "among those referred to the selecting official for consideration however, no selection was made."

23.    On August 29, 2019, Plaintiff contacted Division Chief O'Keefe, to ascertain the reasons for no selection made for the position. As the primary member of the panel, O'Keefe stated the MPB panel members elected to not select any of the four applicants they interviewed. O'Keefe stated all four applicants were qualified for the positions; however, O'Keefe stated out of the four applicants interviewed, two had outside factors that disqualified them. O'Keefe further stated that Plaintiff and one other applicant did not answer the interview questions well enough. However, O'Keefe stated on a couple of Plaintiff's answers, Plaintiff "knocked it out of the park", suggesting Plaintiff received perfect scores on those questions.

24.    O'Keefe repeatedly stated all four applicants were qualified for the position. However, O'Keefe did not elaborate on the outside factors the MPB had disqualified two of the applicants. As to the Plaintiff, O'Keefe stated that he made a judgement based on the answers the Plaintiff and the other remaining applicant gave to answer the questions, and he decided that neither the Plaintiff nor the other applicant were suited for the position. Additionally, O'Keefe

stated OSII AD McDermond at some point of the selection process had purportedly intervened or spoken to the MPB panel and told or suggested the panel they could choose not to make a selection.

25.   O'Keefe stated OSII had previously advertised lateral GS-14 announcements to file the position, but no GS-14 applied.  Citing there was a need for a GS-14 Program Manager at the IIC, O'Keefe stated OSII then decided to open the position as a competitive/promotional position open to GS-13 and GS-14 applicants for this announcement.  However inconceivable, O'Keefe decided to not make a selection on a position he knew was difficult to fill.  O'Keefe stated the position may or may not be re-announced or it may be filled by lateral GS-14 or by GS-13.  But O'Keefe stated he was unsure what OSII will do with the position at that point. Therefore, the IIC Program Manager position remained in existence and remained to be filled at that point.

26.   Plaintiff firmly believes his second-line supervisor Kevin O'Keefe cannot justify his reason for stating Plaintiff is not suitable for the positon.  O'Keefe has stated he was aware that Plaintiff has experience in conducting Internet investigations.  O'Keefe stated he did not provide the MPB panel with any remarks relating to the Plaintiff that would deter his suitability for the position.  Furthermore, as Plaintiff's second-line supervisor, O'Keefe approved the Plaintiff's annual performance appraisals with the highest overall rating of "Outstanding" for the fiscal years 2018 and 2019.

27.   Based on the above facts, there is reason to believe the Defendant and his subordinates have again retaliated against the Plaintiff.  Once a proper investigation has been conducted, Defendant's stated reasons for not selecting the Plaintiff for the position will be

proven not to be the true reasons, and the Defendant will not be able to justify his subordinates' retaliatory actions against the Plaintiff.

## Statement of Claims

### COUNT 1
### RETALIATION
### IN VIOLATION OF TITLE VII

28.    Plaintiff realleges and reincorporates paragraphs above in this Complaint.

29.    Plaintiff's prior informal and formal EEO complaints regarding Defendant's discriminatory conduct constituted activity protected by Title VII.

30.    Defendant's conduct in not selecting the Plaintiff for promotion to a GS-14 position as a Criminal Investigator Program Manager at the Office of Strategic Intelligence and Information, Internet Investigation Center constitutes retaliation for engaging in protected activity. Defendant's stated reasons for not selecting the Plaintiff for the position were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

31.    As a result of Defendant's conduct, Plaintiff suffered damages including, but not limited to, pain and suffering, emotional distress, and humiliation.

## Jury Trial Demand

Plaintiff demands a jury trial of all claims triable to the jury.

## Prayer for Relief

Wherefore, Plaintiff prays that this honorable Court enter a judgment which:

a.    Declares that Defendant discriminated and retaliated against Plaintiff in violation of Title VII;

b.    Enjoins Defendant from future acts of discrimination and reprisal;

c.    Directs Defendant to take such measures as are reasonable and necessary to

ensure that unlawful employment practices like those described herein are eliminated and do not recur;

    d.    Awards Plaintiff retro-active promotion to GS-14;

    e.    Awards Plaintiff compensatory damages for the injuries he has suffered, including emotional and physical harm and damages to his character and reputation, in an amount appropriate to the proof at trial;

    f.    Awards Plaintiff reasonable attorneys' fees and costs; and

    g.    Awards Plaintiff all other legal and equitable relief to which he may be entitled.

Under penalty of perjury, I swear that the foregoing statements are true and correct to the best of my knowledge and belief.

Respectfully Submitted,

4-10-2021
_____
Date

Tommy Ho
Pro Se
10 W Bay State Street, #454
Alhambra, CA 91802
(626)233-2868

9



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Tommy Ho, a/k/a
Kelvin J.,[1]
Complainant,

v.

Jeffrey A. Rosen,
Acting Attorney General,
Department of Justice
(Bureau of Alcohol, Tobacco, Firearms & Explosives),
Agency.

Request No. 2020005317

Appeal No. 2020003052

Agency No. ATF-2020-00031

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Kelvin J. v. Dep't of Justice, EEOC Appeal No. 2020003052 (Aug. 17, 2020). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

In his underlying complaint, Complainant, a GS-13 Special Agent at the Agency's facility in Los Angeles, California, alleged that the Agency subjected him to unlawful reprisal for prior protected EEO activity when on August 29, 2019, he was not selected for the Criminal Investigator (Program Manager) position, GS-14, Vacancy Announcement No. 19-EPAS-083-ADB, at the Office of Strategic Intelligence and Information Internet Investigation Center.

In its final decision, the Agency dismissed the complaint, pursuant to 29 C.F.R. § 1614.107(a)(1), for failure to state a claim. On appeal, the Commission affirmed the Agency's dismissal, finding

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                                    2020005317

that Complainant failed to show that he suffered a harm or loss with respect to a term, condition, or privilege of employment for which there was a remedy because the vacancy in question was never filled.

In his request for reconsideration, Complainant reiterates arguments he raised on appeal. The Commission emphasizes that a request for reconsideration is not a second appeal.  Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007).  Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency.  We find that Complainant's arguments do not demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law or will have a substantial impact on the policies, practices, or operations of the agency.  Accordingly, we find that Complainant has failed to demonstrate that the Commission should reconsider its appellate decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request.  The decision in EEOC Appeal No. 2020003052 remains the Commission's decision.  There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

3

2020005317

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

January 14, 2021
Date

**PRESS FIRMLY TO SEAL**

FSC MIX PAPER POUCH FSC® C119916 Recycle.info

**PRESS F**



UNITED STATES POSTAL SERVICE®

1007    20001

U.S. POSTAGE PAID
PME 2-Day
ALHAMBRA, CA
91802
APR 10, 21
AMOUNT

**$26.35**

R2305E123690-09

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

RATE ■ ANY WEIGHT

schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

PS10001000006

---

**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL EXPRESS®**

EJ 697 450 029 US

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT)    PHONE 626 233 2868

Tommy Ho
10 W Bay State St. # 454
Alhambra, CA 91802

**ATTENTION - DELIVERY**

**SENDER HAS WAIVED SIGNATURE REQUIREMENT**

PLEASE DELIVER PER DMM 263.2

Required" box if the mailer: 1)
) Purchases COD service; OR 4)
leave the item in the addressee's
e's signature on delivery.

**TO:** (PLEASE PRINT)    PHONE 202 354-3000

Clerk, U.S. District Court
Room 12-25 Civil Complaints
333 Constitution Avenue, NW
Washington, DC 20001

ZIP + 4® (U.S. ADDRESSES ONLY)

2 0 0 0 1 - _ _ _ _

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance Included.

**PEEL FROM THIS CORNER**

**PAYMENT BY ACCOUNT (If applicable)**
USPS® Corporate Acct. No.    Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☐ 1-Day | ☑ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|

PO ZIP Code: 91802

Scheduled Delivery Date (MM/DD/YY): 4-12-21

Postage: $26.35

Date Accepted (MM/DD/YY): 4-10-21

Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON

Insurance Fee: $

COD Fee: $

Time Accepted: 10:46 ☑ AM ☐ PM

10:30 AM Delivery Fee: $

Return Receipt Fee: $

Live Animal Transportation Fee: $

Special Handling/Fragile: $

Sunday/Holiday Premium Fee: $

Total Postage & Fees:

Weight: ☐ Flat Rate    Acceptance Employee Initials

fbs. 6 ozs.

$26.35

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY)    Time ☐ AM ☐ PM    Employee Signature

Delivery Attempt (MM/DD/YY)    Time ☐ AM ☐ PM    Employee Signature

LABEL 11-B, MARCH 2019    PSN 7690-02-000-9996

EP13F May 2020
OD: 12 1/2 x 9 1/2





UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; May 2020; All rights reserved.