UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TOMMY HO**,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>**MERRICK B. GARLAND**, in his official capacity as Attorney General of the United States,<br><br>　　　　　Defendant. | Case No. 21-cv-01035 (CRC) |

**MEMORANDUM OPINION**

　　In June 2019, plaintiff Tommy Ho applied for a promotion to a program manager position at the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), but he did not get the job. As it turns out, neither did any other applicant. The position remains unfilled today, and ATF has not opened it for further applications. Mr. Ho believes that he was not selected in retaliation for complaints he filed against his supervisors in the years prior to his application. Proceeding *pro se*, he filed this suit, bringing a single claim of unlawful retaliation against the Attorney General in his official capacity.[1] The Court finds that Ho's allegations fail to state a plausible claim for relief and will grant the defendant's motion to dismiss the case.

**I.　Background**

　　Mr. Ho has worked for ATF since April 1999, and during the events of this case, he served as a GS-level 13 criminal investigator in the Office of Strategic Intelligence and Information. Compl. ¶¶ 6, 13. He is Asian-American. Id. ¶ 13. Since 2015, Ho has filed several Equal Employment Opportunity (EEO) complaints against his managers for race

---

[1] ATF sits within the Department of Justice.

discrimination and non-selection for certain promotions. See id. ¶¶ 14–17 (noting 2015, 2017, and 2018 complaints). As relevant here, the complaints named James McDermond (an Assistant Director), Kevin O'Keefe (a Division Chief), and Edward Kropke (a Support Branch Chief). Id. ¶ 18. He filed his last complaint (before bringing this case) at some point in 2018. See id. ¶ 14.

In June 2019, ATF opened a GS-14 position for "Criminal Investigator Program Manager," which would have been a promotion for Ho. Compl. ¶ 19. He applied, advanced through the hiring process, and, in August 2019, was interviewed by O'Keefe and Kropke, among others. Id. ¶¶ 19–20. McDermond, one of Ho's supervisors, did not interview him. See id. ¶ 20–21. The day after the interview, Human Resources notified Ho that he was not selected for the program manager position. Id. ¶ 22. O'Keefe also told Ho that none of the final four interviewees were selected, noting that "two had outside factors that disqualified them." Id. ¶ 23. And based on certain answers, O'Keefe felt that neither Ho nor the other non-disqualified applicant were suited for the position. Id. ¶ 24. However, the complaint alleges that O'Keefe maintained that "all four applicants were qualified for the position," id., and that while Ho did not answer some questions well, he "knocked it out of the park" on others. Id. ¶ 23. The complaint further alleges that "at some point [in] the selection process," McDermond "purportedly intervened" and told the panel that they had the option of not hiring anyone. Id. ¶ 24.

With the program manager position left unfilled, O'Keefe stated that the office "may or may not" reopen it for future applications. Compl. ¶ 25. The position remains vacant, and Ho does not allege that his office has reopened it for applications. See id.

Believing that he was qualified for the promotion and that his non-selection was in retaliation for his prior complaints, Ho filed an internal administrative complaint. Compl. ¶ 8.

Ho exhausted the administrative process, did not obtain any relief, and then timely filed this *pro se* action. See id. ¶¶ 9–12.  The defendant has moved to dismiss.

## II. Legal Standards

The defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).  "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A court "must treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged."  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (cleaned up).  Although a complaint need not provide "detailed factual allegations" to withstand a 12(b)(6) motion, it must offer "more than labels and conclusions."  Twombly, 550 U.S. at 555.

Because the Court finds that the complaint fails to state a claim, it declines to reach the defendant's alternative basis for dismissal under Rule 12(b)(5) for Ho's purported failure to effect proper service.

## III. Analysis

Ho's complaint lists one count for retaliation in violation of Title VII.  To make out a plausible retaliation claim, "a plaintiff must establish that he or she (1) opposed an unlawful employment practice; (2) the employer took a materially adverse personnel action; and (3) a causal connection existed between the two."  Leyden v. Am. Accreditation Healthcare Comm'n,

83 F. Supp. 3d 241, 245 (D.D.C. 2015) (Cooper, J.).  The defendant's motion to dismiss focuses on the causation element.

The Court starts with Ho's EEO complaints filed in 2015, 2017, and 2018.  Ho does not specify precisely when he filed these claims, but all are too remote in any event to establish a causal link between the complaints (which are protected activity) and his non-selection for the promotion in August 2019.  The defendant asserts that Ho filed the most recent complaint in October 2018, Mot. Dismiss at 6, and Ho does not dispute that timing.  See Opp'n at 8.  When a plaintiff relies on temporal proximity alone to demonstrate causation, courts in this district have consistently rejected retaliation claims involving gaps greater than three to four months between the protected activity and the retaliatory action.  See Mokhtar v. Kerry, 83 F. Supp. 3d 49, 81 (D.D.C. 2015) (collecting cases).  This gap is about twice as long.  Moreover, there are no other allegations supporting an inference of a link between Ho's complaints and his non-selection.  See Greer v. Bd. of Trs. of Univ. of D.C., 113 F. Supp. 3d 297, 311 (D.D.C. 2015) ("A large gap between protected activity and retaliation is not necessarily fatal to a claim when the plaintiff can point to other factors leading to an inference of causation.").

Ho's conclusory contention that the hiring process "was tainted" by McDermond, O'Keefe, and Kropke, Opp'n at 7–8, is not borne out by the specific allegations in the complaint.  For one, he concedes that he does not know when the "purported[] interven[tion]" by McDermond occurred.  See Compl. ¶ 24; Opp'n at 7.  For another, there are no allegations McDermond said anything negative about Ho, and McDermond was not on the hiring panel.  McDermond simply told the hiring panel that they could opt not to hire anybody.  Compl. ¶ 24.  The complaint notes that this is not the first time the program manager position has gone unfilled after the office advertised an opening.  Id. ¶ 25.  And the position has not been readvertised since

4

2019 and is still not filled.  Id.; Opp'n at 9.  As for those actually on the hiring panel, the complaint alleges that O'Keefe "did not provide" the panel "with any remarks relating to [Ho] that would deter his suitability for the position."  Compl. ¶ 26.  And there are no allegations about Kropke, other than saying he was an interviewer; Ho further states that he "does not have [a] direct organizational relationship" with him.  Id. ¶ 21.

In sum, the temporal gap here is at least several months too long to support an inference of causation standing alone, and the complaint's other allegations are either speculative, conclusory, or inconsistent with an inference of causation.  The allegations instead suggest that ATF has simply given up on filling the program manager position.  Although not mentioned in his complaint, the Court's conclusion is bolstered by the fact that Ho has since received a promotion to another GS-14 job.  See Opp'n at 1 (stating that he applied and was selected for a Supervisory Special Agent position, and he "was appointed as the Resident Agent-in-Charge of the ATF Oakland Field Office").

Ho also—very briefly—alludes to a 2019 complaint filed with the Merits System Protection Board, but he provides no details (including who he named in it) and does not mention it in his brief.  See Compl. ¶ 17.  He also does not respond to the defendant's assertion that this was an unrelated whistleblower complaint.  See Mot. Dismiss at 5–6.  The Court concludes either that Ho has conceded this issue, see Stanton v. Potomac Elec. Power Co., No. 20-cv-02464, 2021 WL 4192149, at *3 (D.D.C. Sept. 15, 2021) (Cooper, J.), or, alternatively, that this whistleblower complaint cannot serve as an independent basis for a plausible claim due to the lack of any allegations connecting it to his non-selection.

To the extent Ho seeks to bring a standalone non-selection claim, it too fails.  In this factual context, that claim requires Ho to establish that: (1) he belongs to a protected class; (2) he

applied and was qualified for a job for which the employer sought applications; (3) despite his qualifications, he was not selected; and (4) after his rejection, "the position remained open and the employer continued to seek applicants from persons of [the plaintiff's] qualifications." See Teneyck v. Omni Shoreham Hotel, 365 F.3d 1139, 1149–50 (D.C. Cir. 2004) (alteration in original) (citation omitted). As recounted above, Ho cannot allege the last element.

## IV. Conclusion

For these reasons, the Court will grant the defendant's motion to dismiss. A separate Order accompanies this opinion.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER R. COOPER
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Date: July 14, 2022